IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-121-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| RICHARD KIRK MAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 18 June 2014 with possession of a firearm and ammunition by a convicted felon on 16 March 2014 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges against defendant arise from a domestic call in Smithfield at the home of his girlfriend, with whom he lived. Defendant was drunk and under the influence of a drug, apparently crack cocaine. The

police obtained defendant's agreement to leave the home with the understanding that they would drive him to Selma. When asked by the police, defendant denied that he was carrying a gun, but would not consent to being patted down. Upon being informed that he would not be permitted to travel in a police car without being patted down, defendant said he would just walk to Selma. The police then directed defendant to remove his hands from his pockets. He did, but only after he was instructed to do so four times and the police unholstered a taser. The police located the gun at issue, a loaded .357 Smith and Wesson pistol, in his pants. Defendant was then arrested because he had previously been convicted of a crime punishable by imprisonment for a term exceeding 12 months.

On the way to the police station, defendant admitted to being a convicted felon. He also spat and directed racial slurs, profanities, and threats at the officer transporting him. The threats included such statements as "It is a small world"; "I could have got you"; "I can follow you home and do you, your wife, and your family."

According to the girlfriend, the gun at issue had been passed down to her by her deceased father, and defendant used it without her prior knowledge or consent. Defendant apparently obtained it from the dresser while waiting to leave the home with the police officer.

Defendant was scheduled to appear on state charges arising from the events in question on 7 July 2014, but failed to appear. Although the arrest warrant in the instant case was issued on 18 June 2014, police were unable to locate defendant until 7 July 2014, after his failure to appear in state court.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case,

2
Case 5:14-cr-00121-BO   Document 17   Filed 07/17/14   Page 2 of 4

including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its relative recency, its association with an assault on defendant's girlfriend, defendant's commission of the alleged offense while on state probation, and his threats to the transporting officer; defendant's criminal record, including 9 felony convictions (2 for assault with a deadly weapon on a government official in which he stole a police car), 16 misdemeanor convictions, 3 probation revocations (including for absconding), commission of multiple offenses while on probation, the continuation of criminal conduct despite repeated incarcerations, and his failure to appear on the state charges related to the instant offense; the danger of continued violent offense conduct by defendant if released; defendant's mental health and substance abuse history; the unsuitability of defendant's proposal to release him to the home of his girlfriend; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 16th day of July 2014.

                                                        _____
                                                        James E. Gates
                                                        United States Magistrate Judge